**CHUNXIA ZHAO, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 13-74091.

United States Court of Appeals, Ninth Circuit.

Submitted April 26, 2016.*

Filed May 3, 2016.

Chunxia Zhao, Alhambra, CA, pro se.

Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, Kristin Moresi, Trial, OIL, John D. Williams, Esquire, DOJ-U.S. Department of Justice, Washington, for Respondent.

Before: McKEOWN, WARDLAW, and PAEZ, Circuit Judges.

MEMORANDUM **

Chunxia Zhao, a native and citizen of China, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010). We deny the petition for review.

We do not consider the materials Zhao references in her opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963–64 (9th Cir.1996) (en banc).

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies within Zhao's testimony and between her testimony and documentary evidence concerning her church attendance, why she was not baptized in China, and where family planning officials arrested her. *See Shrestha*, 590 F.3d at 1048 (adverse credibility finding reasonable under the totality of the circumstances). Zhao's contentions do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000). Thus, in the absence of credible testimony, Zhao's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Zhao's CAT claim fails because it is based in part on testimony the BIA found not credible, and she does not point to any other evidence in the record that compels the conclusion that it is more likely than not she would be tortured by or with the consent or acquiescence of a public official in China. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir.2003); *Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir.2011) ("[T]o reverse the BIA with respect to a finding of fact, the evidence must compel a different conclusion from the one reached by the BIA.").

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.